# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES              :

V.                         :         MAGISTRATE NO. 14-536

CHRISTINE YODER            :

## PRETRIAL DETENTION ORDER

AND NOW, this _____ day of May 2014, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e) and (f)(1)(E).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) and (f)(1)(E) for the following reasons:

(a) There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 2251, 2252A, and 2422(a), as charged in the Complaint issued in the Eastern District of Michigan. The offense involving creation of child pornography (§ 2251) carries a rebuttable presumption that the defendant must be detained. *See* 18 U.S.C. § 3142(e).

(b) The evidence in this case is strong.

The defendant sent images of a child engaging in sexually explicit conduct, which she had created to a law enforcement undercover agent. The defendant has confessed to making these images. In addition, she has admitted to sending similar images to four other men. The defendant also agreed to send this child, age six, to the undercover for him to have sex with.

(c) The strength and nature of the case against the defendant, combined with the fact that the defendant will be incarcerated for a mandatory minimum, if convicted, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the

defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
CAROL SANDRA MOORE WELLS
Chief United States Magistrate Court Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| V. | : | MAGISTRATE NO. 14-536 |
| CHRISTINE YODER | : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Defendant Christine Yoder stands before this Court charged in a complaint with crimes involving the sexual victimization of children. As a result, the penalties for the crimes charged involve significant, mandatory incarceration. The defendant cannot overcome the presumption that no condition or combination of conditions will reasonably assure her appearance as required and/or the safety of the community, and the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f)(1)(E) for a detention hearing and pretrial detention of the defendant.

I.  THE FACTS

The defendant engaged in online chats with a law enforcement undercover agent. In those chats, she sent the undercover agent sexually explicit images of a 6 year old girl, which she had taken. In those chats, she offered to send this child to the undercover agent for him to keep and have sex with. She made it clear in her communications that she did not want the child returned to her.

II. PROBABLE CAUSE AND THE EVIDENCE IN THIS CASE

A.  There is probable cause to believe that the defendant violated 18 U.S.C. §§ 2251 and 2252(a)(4)(B), as evidenced by the Complaint and accompanying affidavit. The

charge of employing a child to create images of the child engaging in sexually explicit conduct carries a rebuttable presumption that the defendant must be detained. *See* 18 U.S.C. § 3142(e).

      B.      The evidence in this case is strong.

The defendant has confessed to taking the pictures and sending them to the undercover agent. The full forensic examination of the defendant's cell phone and digital storage devices has yet to be conducted. It is likely that the examination will find more images. In addition, based upon her statement, there is reason to believe that there will be evidence of the taking of additional images and sending them to other men.

III.      <u>MAXIMUM PENALTIES</u>

The defendant faces the following statutory maximum and mandatory minimum penalties:

Employing a child to create images of child pornography − 18 U.S.C. § 2251

> The maximum penalty is 30 years' incarceration with a mandatory 15-year term, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, restitution, and a $100 special assessment for each count.

Transportation of Child Pornography – 18 U.S.C. § 2252A

> The maximum penalty is 10 years' incarceration, a mandatory minimum sentence of 5 years' incarceration, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, restitution, and a $100 special assessment.

Enticement – 18 U.S.C. § 2422(a)

> The maximum penalty is 20 years' incarceration, a minimum 5-year term up to a lifetime of supervised release, a $250,000 fine, restitution, and a $100 special assessment.

TOTAL MAXIMUM PENALTY:

> A maximum of 60 years' incarceration, which includes a mandatory year 15 year period of imprisonment, a minimum 5 years up to a lifetime of supervised release, $750,000 in fines, mandatory restitution, and $300 in special assessments. The total number of counts of the violation of § 2251 may increase if images created on different dates are also found and if communications with other men are found.

IV. RISK OF FLIGHT

The defendant faces a long term of incarceration – 15 years at the minimum. She is facing these charges in Detroit, Michigan, a location with which she has no ties. She has to be aware that whatever the outcome of these charges, she faces a substantial risk of losing custody of her children. The prospect of a long term of imprisonment and of losing custody of her children raises a serious risk that the defendant will flee.

V. DANGER TO THE COMMUNITY

The defendant poses a serious danger to all of her children. They are all young and at risk if she is at liberty.

VI.  CONCLUSION

The defendant is a clear danger to the community. She also has every reason to flee knowing that she will likely spend a long term in prison, when she is convicted in this case. She also is aware that she is likely to lose custody of her children, regardless of the outcome of this case.

When all these factors are viewed in light of the lengthy and mandatory prison sentence she faces, it is clear that the defendant cannot rebut the presumption under 18 U.S.C. §§ 3142(f)(1)(E) that no condition or combination of conditions will reasonably assure her presence or the safety of the community.

WHEREFORE, the government respectfully requests the Court to detain this defendant prior to trial.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


*/s/ Michael L. Levy*
MICHAEL L. LEVY
Assistant United States Attorney
Chief, Computer Crimes

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the Government's Detention Motion upon the following by filing it with the Court's Electronic Case Filing System and by electronic mail.

Kathleen M. Gaughan, Esq.
Defender Association of Philadelphia
Suite 540 W, The Curtis Center
601 Walnut Street
Philadelphia, Pa 19106-2414

                                                */s/ Michael L. Levy*
                                                MICHAEL L. LEVY

May 28, 2014